

1  J. DAVID BREEMER, No. 215039
   E-mail:  jdb@pacificlegal.org
2  JENNIFER F. THOMPSON, No. 280885
   E-mail:  jft@pacificlegal.org
3  Pacific Legal Foundation
   930 G Street
4  Sacramento, California 95814
   Telephone:  (916) 419-7111
5  Facsimile:  (916) 419-7747

6  Attorneys for Plaintiffs

7

8

9              UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  DANIEL LEVIN; MARIA LEVIN; PARK LANE            )    No. 3:14-CV-03352-CRB
    ASSOCIATES, L.P.; THE SAN FRANCISCO             )
14  APARTMENT ASSOCIATION; and THE                  )
    COALITION FOR BETTER HOUSING,                   )    **PLAINTIFFS'**
15                                                  )  **OPPOSITION TO DEFENDANT**
                    Plaintiffs,                     )    **CITY AND COUNTY**
16                                                  )   **OF SAN FRANCISCO'S**
             v.                                     )  **ADMINISTRATIVE MOTION**
17                                                  )   **FOR LEAVE TO FILE**
    CITY AND COUNTY OF SAN FRANCISCO,               )     **SUPPLEMENTAL**
18                                                  )  **OPPOSITION TO MOTION**
                    Defendant.                      )      **FOR TEMPORARY**
19                                                  )  **RESTRAINING ORDER AND**
                                                    )  **PRELIMINARY INJUNCTION**
20  ─────────────────────────────────
                                                    Judge:  Hon. Charles R. Breyer
21                                                  Courtroom 6, 17th Floor
                                                    Hearing Date:  August 22, 2014
                                                    Time:  10:00 a.m.
22

23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA  95814
(916) 419-7111  FAX (916) 419-7747

1    Defendant City and County of San Francisco (City) has filed an Administrative Motion for

2  Leave to File Supplemental Opposition to Motion for Temporary Restraining Order and

3  Preliminary Injunction.  The basis for this motion is a recent factual development related to this

4  case.  In particular, the City notes that tenants in unit 704 of Plaintiff Park Lane Associates, L.P.

5  (Park Lane), property suddenly vacated the unit on August 16, 2004.  They did so despite having

6  previously notified Park Lane in writing that they would vacate on August 25, 2014, and that they

7  expected a payment of approximately $143,000 under  S.F. Admin. Code Section 37.9A(e)(3)(E)

8  (the Ordinance) on  August 25, 2014.  *See* Exhibit A to Declaration of J. David Breemer (Breemer

9  Dec.).  After vacating early on August 16, 2014, the tenants in unit 704 demanded that Park Lane

10  instantly give them the $143,000+ Differential Payment.  The City's motion notes that Park Lane

11  has not yet made this payment to the recently departed tenants, though it neglects to note that this

12  is because of the pending hearing in this Court on whether the Ordinance should be enjoined as

13  applied to Park Lane, halting the payment at issue.

14    Park Lane does not oppose the City bringing the facts regarding the vacancy in unit 704

15  to the Court's attention.  Indeed, Park Lane intended to update the Court on this very issue at the

16  hearing on August 22, 2014.  However, Park Lane *does* object to the City's characterization of the

17  recent developments, and its suggestion that they somehow alleviate the harm faced by Plaintiffs

18  Park Lane and Daniel and Maria Levin (Levins) or the necessity of preliminary relief from

19  application of the Ordinance.  The very recent departure of the tenants in Park Lane's unit

20  704—and their related demand for payment of approximately $143,000 dollars under the

21  challenged Ordinance—makes Plaintiffs' request for relief all the more urgent and necessary and

22  the upcoming hearing all the more appropriate.

23    As noted above, in late July, Park Lane received a letter from the tenants in unit 704

24  informing Park Lane that those tenants would vacate their unit on August 25, 2014.  In the same

25  letter, the tenants demanded a payment under the Ordinance on August 25, 2014. *See* Breemer

26  Dec., Exhibit A.  This notice and money demand provided one reason for Park Lane to quickly

27  move this Court for a temporary restraining order and preliminary injunction.  However, it was

28  hardly the only reason.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1     Both the Levins and Park Lane have other tenants in their properties who could vacate

2 Plaintiffs' properties at any time and demand immediate payment under the terms of the challenged

3 Ordinance, just as the tenants in unit 704 have done. If Plaintiffs must pay a suddenly departing

4 tenant, their constitutional and state law rights will be violated, their ability to judicially challenge

5 the payment may be deemed to be waived, and they will have no way to get the money back. If

6 they decline to pay, their ability to withdraw units from the rental market under the Ellis Act will

7 be compromised, the tenants will be eligible to re-occupy Plaintiffs' property, against their will,

8 and investments made in reliance on withdrawal of Plaintiffs' properties under the terms of the

9 prior legal scheme will fall through. The situation in unit 704 of Park Lane's property simply

10 brings these hardships to immediate reality.

11     In short, the sudden departure of the tenants in unit 704 and their demand for immediate

12 payment under the challenged Ordinance highlights the untenable dilemma Plaintiffs face, the

13 propriety of preliminary relief and the need for an immediate hearing on that request. Given the

14 pending hearing, Park Lane decided to withhold payment to the tenants formerly in unit 704 until

15 after the hearing. If Park Lane does not obtain relief from the payments demanded by the

16 Ordinance, it will have to chose between paying the $143,000 to the vacating tenants in 704 and

17 thereby suffering an irreparable violation of its constitutionally protected property rights (as

18 described more fully above) or refusing the payment and suffering an irreparable loss of its right

19 to withdraw the subject unit from the rental market, an irreparable and unconstitutional physical

20 occupation of its property, and irreparable restrictions on its rental rights for the next five years.

21 The departure of the tenants in 704 and demand for payment does not alleviate the harm faced by

22 Park Lane or the Levins; it confirms it.

23     DATED: August 21, 2014.

24

          Respectfully submitted,

25           J. DAVID BREEMER
          JENNIFER F. THOMPSON

26

          By     /s/ J. David Breemer
27                 J. DAVID BREEMER

28           Attorneys for Plaintiffs