IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEVIN, ET AL., | No. 3:14-cv-03352-CRB |
| Plaintiffs, | **ORDER RE CCSF'S MOTION FOR AN INDICATIVE RULING** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, | |
| Defendant. | |

Before the Court is the City and County of San Francisco's (CCSF's) Motion for an Indicative Ruling under Fed. R. Civ. P. Rule 62.1(a). For the following reasons, the Court finds this matter suitable for resolution pursuant to Civil Local Rule 7–1(b), VACATES the hearing currently set for Nov. 13, 2015, and GRANTS the motion as outlined below.

CCSF argues that an indicative ruling is necessary because—during the pendency of its Ninth Circuit appeal—S.F. Ordinance No. 54-14 (the 2014 Ordinance) was amended by S.F. Ordinance No. 68-15 (the 2015 Ordinance). See CCSF Motion (dkt. 112). CCSF thus requests an indicative ruling stating that this Court would either vacate its prior judgment in light of these amendments or issue a clarification that the Court only enjoined enforcement of the 2014 Ordinance. Id. According to CCSF, such an indicative ruling would prevent what it characterizes as an "unreviewable decision" from "spawning any legal consequences." See Camreta v. Greene, 131 S. Ct. 2020, 2035 (2011). Levin does not object to an indicative ruling stating that the Court would clarify under Rule 60(b) that its prior judgment only

enjoined enforcement of the 2014 Ordinance and did not reach the 2015 Ordinance. See Levin Opposition (dkt. 116) at 11; Memorandum of Findings of Fact and Conclusions of Law (dkt. 92); Judgment (dkt. 93).

The Court concludes that an indicative ruling regarding the scope of its prior judgment would allow CCSF to proceed with its appeal, alleviate CCSF's concerns over the need to brief "ancillary jurisdictional and remedial issues" in the Ninth Circuit, and resolve CCSF's uncertainty regarding whether this Court's order enjoined the enforcement of the 2015 Ordinance. See CCSF Motion (dkt. 112) at 6. The Court further concludes that an order clarifying the scope of the prior judgment is more appropriate than an order vacating that judgment. CCSF's cited authorities indicate that the Ninth Circuit will vacate this Court's order if it concludes the dispute here is moot, so CCSF's concerns about an "unreviewable decision" are unfounded, see Camreta, 131 S. Ct. at 2035, and this Court does not need to exercise the "equitable remedy of vacatur" at this time. See Dilley, 64 F.3d at 1370.

Consequently, given that both parties are amenable, the Court issues the following indicative ruling: If the Ninth Circuit authorizes a limited remand for this purpose, the Court will clarify under Rule 60(b) that its October 21, 2014 order and judgment enjoined enforcement of "San Francisco Ordinance No. 54-14, S.F. Admin. Code § 37.9A(e)(3)(E), insofar as it requires the payment of the 'Rental Payment Differential,'" see Judgment (dkt. 93), and did not pass on the enforceability of the later enacted San Francisco Ordinance No. 68-15, see Memorandum of Findings of Fact and Conclusions of Law (dkt. 92).

Accordingly, CCSF is ORDERED to file notice with the Clerk of the Ninth Circuit Court of Appeal of this indicative ruling and to seek remand of the case from the Ninth Circuit forthwith.

**IT IS SO ORDERED.**

Dated: November 12, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE